**IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**SHERRY YOUNG, as Parent of
Zachary Young, a minor**                                                                **PLAINTIFF**

v.                                     1:06CV00015-WRW

**TWIN RIVERS SCHOOL DISTRICT,
VINCE SAYORS, CALVIN PICKETT,
MIKE BISSENBACH, ALAN ZIEGER,
CAROLYN URENO, SHAWN ROSS, and
JIM RUTLEDGE, in their Official Capacities
as Board Members; and BRUCE EVANS, in his
Official and Individual Capacities**                                                  **DEFENDANTS**

**ORDER**

Plaintiff brought suit against Defendants after her son Zachary was paddled at school. Plaintiff argues that her son was deprived of due process in violation of 42 U.S.C. § 1983 and under the Arkansas Civil Rights Act ("ACRA").[1] Defendants have moved for summary judgment (Doc. No. 13) and Plaintiff has responded (Doc. No. 16). Defendants motion is GRANTED.

**I.    Background**

Plaintiff Sherry Young is the mother of Zachary Young who was a seventh grade student at Williford Junior High School in the Twin Rivers School District on April 16, 2004, at the time of the paddling. Defendant Evans was the Superintendent of the school district and administered the punishment.

After violating school policy, Zachary had the option of taking a three day suspension from school or be given three "licks." At the request of his mother, Zachary opted for the licks so that

---

[1] Ark. Code Ann. § 16-123-101, *et seq*.

he would not get behind in his classes. Ms. Young was present when Zachary received his punishment, but was not allowed in the room. Anthony Burkhammer, a school employee, served as a witness to the paddling. According to both Defendant Evans and Mr. Burkhammer, the first lick was given with normal force, "not at all excessive," and the second and third licks were much lighter.[2] In the Complaint, Plaintiff claims that Zachary was "unable to sit down, use the bathroom, or ambulate without difficulty for several days . . . ."[3]

## II. Standard of Review

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[4] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[5]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[6] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[7] I must view the facts in the light most favorable to the

---

[2] Doc. No. 14, ps. 7-10.

[3] Doc. No. 1, p. 2.

[4] *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed R. Civ. P. 56.

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[6] *Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[7] *Id.* at 728.

party opposing the motion.[8]  The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[9]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[10]

### III.   Analysis

As an initial matter, ACRA does not apply to this case because there is no allegation that either Plaintiff is a part of a protected class.  Nevertheless, the burdens of proof for claims brought under § 1983 and ACRA are identical;[11] therefore, even if Plaintiff's ACRA could be sustained, the § 1983 claims would be considered as including the ACRA claims.

For government conduct to amount to a violation of substantive due-process, a plaintiff must show that the conduct shocks the conscience.[12]  The government action must be more than merely

---

[8] *Id.* at 727-28.

[9] *Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (*quoting City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[10] *Anderson*, 477 U.S. at 248.

[11] *Sylvester v. Fogley*, 383 F. Supp. 2d 1135, 1139 (W.D. Ark. 2005).

[12] *Golden ex rel. Balch v. Anders*, 324 F.3d 650, 652-653 (8th Cir. 2003); *S.S. by & through Jervis v. McMullen*, 225 F.3d 960, 964 (8th Cir.2000) (en banc), *cert. denied*, 532 U.S. 904.

arbitrary or capricious.[13]  "Substantive due process 'is concerned with violations of personal rights . . . so severe . . . so disproportionate to the need presented, and . . . so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to brutal and inhumane abuse of official power literally shocking to the conscience.'"[14]

In corporal punishment actions, the Eighth Circuit has developed a four factor test to determine whether the action shocks the conscience.[15]  The factors are: "(1) the need for the application of corporal punishment; (2) the relationship between the need and the amount of punishment administered; (3) the extent of injury inflicted; and (4) whether the punishment was administered in a good faith effort to maintain discipline or maliciously and sadistically for the very purpose of causing harm."[16]  Applying this test, the *Wise* court concluded that, "[m]inor discomfort and hurt feelings do not make a federal case."[17]

In view of the Eighth Circuit standards, Defendants' conduct does not shock the conscience. Zachary was punished for fighting at school. Three licks is not disproportionate to the school's need to discourage fighting. In addition, when given the choice, Plaintiff decided that Zachary should receive a paddling rather than a three-day suspension. Defendants administered the punishment at the behest of Plaintiff, acting within school policy and under Arkansas law.[18] Plaintiff

---

[13]*Id.*; *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir.1998) (en banc).

[14]*Id.* (*citing Moran v. Clarke*, 296 F.3d 638, 647 (8th Cir. 2002)).

[15]*Daniels v. Lutz*, 407 F. Supp. 2d 1038, 1044-45 (E.D. Ark. 2005).

[16]*Id.* at 1044-45 (*citing Wise v. Pea Ridge School Dist.*, 855 F.2d 560, 564 (8th Cir. 1988)).

[17]*Wise*, at 565.

[18]Ark. Code Ann. § 6-17-112.

has not submitted evidence that Defendants acted maliciously[19] or that Zachary suffered an injury from the paddling.[20] For these reasons, Defendants' Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED this 27th day of October, 2006.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[19] *See Wise*, *supra* (held that two licks with paddle did not violate due process).

[20] Doc. No. 16, p. 11, Police Incidence Report "Mrs. Young feels like it will leave a bruise . . . ."